[Cite as *State v. Blagg*, 2020-Ohio-934.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 19-CA-13 |
| DUSTIN B. BLAGG | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Perry County Court of
Common Pleas, Case No. 19-CR-3

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 11, 2020

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
Perry County Prosecuting Attorney
111 North High Street
P.O. Box 569
New Lexington, Ohio  43764

For Defendant-Appellant

JAMES S. SWEENEY
James S. Sweeney Law, LLC
285 South Liberty Street
Powell, Ohio  43065

*Hoffman, P.J.*

{¶1} Defendant-appellant Dustin Blagg appeals his convictions and sentence entered by the Perry County Court of Common Pleas, on one count of Breaking and Entering, one count of Receiving Stolen Property, and one count of Theft, after he entered pleas of guilty to the charges. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On January 30, 2019, the Perry County Grand Jury indicted Appellant on one count of Breaking and Entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and one count of Theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. Appellant was transported from the Muskingum County Jail for arraignment on March 14, 2019, and entered pleas of not guilty to the charges. The trial court subsequently found Appellant indigent and appointed counsel to represent him.

{¶3} On July 2, 2019, Appellant appeared before the trial court, withdrew his former pleas of not guilty, and entered pleas of guilty to the aforementioned charges. The trial court sentenced Appellant to an aggregate term of 19 months. Thereafter, on August 16, 2019, the trial court resentenced Appellant to an aggregate term of 17 months to align his sentence to the recommended sentence agreed upon by the parties. The trial court ordered the sentence be served consecutively to the sentences Appellant was already serving for felony convictions in Perry and Muskingum Counties.

{¶4} It is from these convictions and sentence Appellant appeals.

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary for our disposition of this appeal.

{¶5}   Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924, indicating the within appeal is wholly frivolous. Counsel for Appellant has not raised any potential assignments of error.  Counsel states he "has made a thorough review of the record and does not believe that any appealable issues exist." Counsel adds, "As required under Anders, Counsel is required to point out possible avenues for an appeal in a case of this nature.  Counsel does not see any potential avenues for an appeal."

{¶6}   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7}   Via Judgment Entry filed December 18, 2019, this Court acknowledged Counsel had filed an *Anders* brief and had served the same upon Appellant. The judgment entry advised Appellant he "may file a pro se brief in support of the appeal on or before

January 30, 2020." A copy of the judgment entry was served on Appellant via Certified U.S. Mail at Belmont Correctional Institution. Appellant has not filed a pro se brief.

{¶8} We find Appellant's counsel has adequately followed the procedures required by *Anders*.

{¶9} After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Perry County Court of Common Pleas.

By: Hoffman, P.J.
Wise, John, J. and
Baldwin, J. concur